The Honorable Doug Walker State Senator, Twelfth District State Capitol, Room 138-N Topeka, Kansas 66612
Dear Senator Walker:
As senator for the twelfth district you inquire whether state and local law enforcement officials may conduct drug testing of railroad employees. In our judgment, they cannot. With one limited and inapplicable exception, Congress has preempted the area of railroad safety, including drug testing.
Congress enacted the federal railroad safety act of 1970,45 U.S.C. § 421-445 (1982) seeking to make railroad safety standards uniform. The act includes a broad preemption provision, under the supremacy clause of the United States constitution, art. VI, cl. 2, that excludes the states from legislating in any area of railroad safety covered by federal regulations, with one exception. See CSX Transp. v.Public Utilities Comm'n of Ohio, 701 F. Supp. 608 (S.D.Ohio 1988) (discussion of the preemption doctrine analysis that focuses on congressional intent.) The exception allows a state to adopt a more stringent law or regulation in the area of railroad safety but only when enacted to eliminate a local safety hazard, where the state law or rule is not incompatible with federal law and when not an undue burden to interstate commerce. Section 105 of the federal railroad safety act of 1970 (45 U.S.C. § 434).
This narrow exception not applying, at issue is whether federal regulations address the drug testing of railroad employees after an accident. The federal railroad administration (FRA) has prescribed minimum federal safety standards for control and use of alcohol and drug use. 49 C.F.R. Part 219 (1992). State action, whether inconsistent or not, is thus preempted in the area. Armijo v. Atchison, Topeka and SantaFe Ry. Co., 754 F. Supp. 1526, 1531 (D.N.M. 1990).
Accordingly it is our opinion that state or local law enforcement officials may not conduct drug testing of railroad employees following a grade crossing accident because the area has been preempted by federal law. We note that the FRA regulations do not preempt provisions of state criminal laws imposing sanctions for reckless conduct that apply generally to the public at large or specifically to railroad employees.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm